

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

*970 Broad Street, 7th floor*　　　*973-645-2700*
*Newark, New Jersey 07102*

KJC/PL AGR
2022R00276

August 1, 2023

**RECEIVED**
**NOV 29 2023**
**AT 8:30_____M**
**CLERK, U.S. DISTRICT COURT - DNJ**

Frank Arleo, Esq.
Arleo & Donohue, LLC
622 Eagle Rock Avenue
West Orange, NJ 07052

　　　Re:　Plea Agreement with LOVELLA ROGAN

Dear Mr. Arleo:　　　　　　　　　23-CR-995

　　　This letter sets forth the plea agreement between your client, Lovella Rogan ("Rogan"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on August 8, 2023, if it is not accepted in writing by that date. If Rogan does not accept this plea agreement, her sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

Charge

　　　Conditioned on the understandings specified below, this Office will accept a guilty plea from Rogan to an Information, which charges Rogan with conspiracy to commit honest services wire fraud, contrary to 18 U.S.C. §§ 1343 and 1346, in violation of 18 U.S.C. § 1349. If Rogan enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Rogan for engaging in any scheme or conspiracy from in or about July 2021 through in or about November 2022 to accept or agree to accept bribes or kickbacks from Company-1 in exchange for any benefits or services provided by Rogan related to contracts awarded by Airline-1 to Company-1.

　　　But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Rogan even if the applicable statute of limitations period for those charges expires after Rogan signs this agreement, and Rogan agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. §1349 to which Rogan agrees to plead guilty carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Rogan is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Rogan ultimately will receive.

Further, in addition to imposing any other penalty on Rogan, the sentencing judge as part of the sentence:

(1) will order Rogan to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must order Rogan to pay restitution pursuant to 18 U.S.C. § 3663A;

(3) may order Rogan, pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the conviction to any victims of her offense;

(4) must order forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461;

(5) pursuant to 18 U.S.C. § 3583, may require Rogan to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Rogan be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Rogan may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

Pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, Rogan agrees to pay full restitution to the victim(s) of the offense charged in the Information or from the scheme, conspiracy, or pattern of criminal activity underlying that offense in an amount that fully compensates the victim(s) for the losses sustained as a result of that offense.

Forfeiture

As part of Rogan's acceptance of responsibility, and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), Rogan agrees to forfeit to the United States all of her right, title, and interest in any property, real or personal, which constitutes or was derived from proceeds Rogan obtained that are traceable, directly or indirectly, to the offense charged in the Information. Rogan further acknowledges that the aggregate value of such property was $409,440.20; that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is entitled to forfeit substitute assets equal to the value of the proceeds obtained by the defendant, in an amount not to exceed $409,440.20 (the "Money Judgment"). Rogan consents to the entry of an order requiring Rogan to pay the Money Judgment, in the manner described below (the "Order"), and that the Order will be final as to Rogan prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets. Rogan further agrees that upon entry of the Order, this Office may conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

All payments made in full or partial satisfaction of the Money Judgment shall be made by (i) electronic funds transfer, as directed by the Office; or (ii) postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating the defendant's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Recovery and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102.

Rogan further agrees, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), to the criminal, civil, or administrative forfeiture, as the Office may elect, of all of her right, title, and interest in the specific property listed on Schedule B hereto (the "Specific Property"), which the defendant admits has the requisite nexus to the offense charged in the Information. Any forfeited money and the net proceeds from the sale of the Specific Property will be applied to the Money Judgment, in partial satisfaction thereof. Rogan also consents to the entry of orders of

interlocutory sale of the Specific Property listed in Schedule B, paragraph 1, following entry of a preliminary order of forfeiture as to such property pursuant to Fed. R. Crim. P. Rule 32.2(b)(7). Rogan further agrees to forfeit and abandon to federal, state, and/or local law enforcement all of her right, title, and interest in the Specific Property; waives all challenges of any kind to the disposition, including destruction, of such property; and waives any additional notice requirement in connection with the abandonment or other disposition of such property.

Rogan waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Rogan understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise Rogan of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. Rogan waives all constitutional, statutory, and other challenges to the forfeiture on all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. Rogan further understands that Rogan has no right to demand that any forfeiture of Rogan's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon Rogan in addition to forfeiture.

Rogan further agrees that, not later than the date Rogan enters a guilty plea, Rogan will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Rogan fails to do so, or if this Office determines that Rogan has intentionally failed to disclose assets on the Financial Disclosure Statement, that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Rogan by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Rogan's activities and relevant conduct with respect to this case.

Stipulations

This Office and Rogan will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Rogan waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

Rogan understands that, if Rogan is not a citizen of the United States, Rogan's guilty plea to the charged offense will likely result in Rogan being subject to immigration proceedings and removed from the United States by making Rogan deportable, excludable, or inadmissible, or ending Rogan's naturalization. Rogan understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Rogan wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause Rogan's removal from the United States. Rogan understands that Rogan is bound by this guilty plea regardless of any immigration consequences. Accordingly, Rogan waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Rogan also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind

of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Rogan. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against her.

No provision of this agreement shall preclude Rogan from pursuing in an appropriate forum, when permitted by law, a claim that she received constitutionally ineffective assistance of counsel.

## No Other Promises

This agreement constitutes the entire plea agreement between Rogan and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

By: Katherine J. Calle
Assistant U.S. Attorney

APPROVED:

Ronnell Wilson
Chief, Special Prosecutions Division

I have received this letter from my attorney, Frank Arleo, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:


_____   Date: 8/8/23
Lovella Rogan



I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.


_____   Date: 8/9/23
Frank Arleo, Esq.
Counsel for Defendant

## Plea Agreement With Rogan

## Schedule A

1.      This Office and Rogan recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2.      The version of the Guidelines effective November 1, 2021 applies in this case.

3.      Pursuant to U.S.S.G. § 2X1.1, the applicable guideline is U.S.S.G. § 2B4.1. This guideline carries a Base Offense Level of 8.

4.      The value of the payments was more than $550,000 but less than $1,500,000. This results in an increase of 14 levels pursuant to U.S.S.G. §§ 2B4.1(b)(1) and 2B1.1(b)(1)(H).

5.      Therefore, the total offense level for Count One is 22.

6.      As of the date of this letter, Rogan has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Rogan's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

7.      As of the date of this letter, Rogan has assisted authorities in the investigation or prosecution of her own misconduct by timely notifying authorities of her intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Rogan's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Rogan enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that Rogan's acceptance of responsibility has continued through the date of sentencing and Rogan therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Rogan's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

8.      Accordingly, the parties agree that the total Guidelines offense level applicable to Rogan is 19 (the "Total Offense Level").

9.      In April 2023, the United States Sentencing Commission ("Commission.") proposed adding U.S.S.G. § 4C1.1 to the Guidelines which would allow for an "adjustment for certain zero-point offenders." If U.S.S.G. § 4C1.1 is adopted by the Commission prior to Rogan's sentencing hearing and Rogan qualifies

for the 2-level downward adjustment contemplated in U.S.S.G. § 4C1.1, the parties agree that the Total Guidelines offense level applicable to Rogan is 17 ("Potential Total Offense Level").

10. The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Current Total Offense Level or the Potential Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

11. If the term of imprisonment does not exceed 37 months, and except as specified in the next paragraph below, Rogan will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 30 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

12. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

    (a) Any proceeding to revoke the term of supervised release.

    (b) A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

    (c) An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

## Plea Agreement With Rogan

### Schedule B

1. The following property seized from Rogan's residence on or about October 28, 2022:

    a. One Lenovo ThinkPad P1 Gen 4 Intel 16" Mobile Workstation, Part No. 20Y3004DUS

    b. One Xebec Tri-Screen 2 attachable laptop monitor workstation

    c. One 12.9" iPad Pro with Wi-Fi and Cellular, 2 TB

    d. One Ultimate Ears MEGABOOM 3 portable Bluetooth speaker

2. The proceeds from the sale of ███████████████ Union County, New Jersey 07081 to the extent of $387,578.24.