IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
-------------------------------------------------------------------x
KEVIN BEASLEY and KEVIN BEASLEY
STUDIO, LLC,

          Plaintiffs,

   -against-

Michael Fanelli,

          Defendant.
-------------------------------------------------------------------x

Civil Action No.:
3:24-cv-09172-MAS-RLS

## Memorandum of Law in Opposition to Motion to Vacate Default Judgment

MAZZOLA LINDSTROM, LLP
Shan (Jessica) Chen
*Counsel for plaintiffs*
1350 Avenue of the Americas, 2nd Floor
New York, New York 10019
(d) 646-416-6280 (m) 347-652-9046
jessica@mazzolalindstrom.com

January 30, 2025

## Table of Contents

**Argument in Opposition** ...................................................................................... 1

    **Point I:**    **Defendant Fanelli was Properly Served with Process in This Case.** ............................................................................................ 1

    **Point II:**   **Defendant Fanelli has Failed to Act in Good Faith, as Required by FRCP 60(b), in Order for the Default to be Vacated.** .............. 9

    **Point III:**  **Defendant Fanelli Has Failed to Demonstrate a Meritorious Defense.** ................................................................................... 11

**Conclusion** ............................................................................................................ 15

# Table of Authorities

**Cases**

*Admiral Horne Appliances v. Tenavision. Inc.*, 585 F.Supp. 14 (D.N.J. 1982)
aff'd without op 735 F.2d 1347, 1984 U.S. App. LEXIS 22212 (3d Cir. 1984)..9, 10

*Application of Barbara*, 14 Misc. 2d 223 (Sup. Ct., Tioga Co., 1958), ....................5

*Bricks. Inc. v. CME Housing Group*, 209 F.R.D. 416 (W.D. Tenn. 2002).................9

*Electronics Boutique Holdings Corp. v. Zuccarini*, 2001 U.S. Dist. LEXIS 765
  (E.D. Pa. January 25, 2001).........................................................................3

*Erncasco Ins. v. Sarnbrick*, 834 F.2d 71, 73 (3d Cir. 1987)………..………………9

*Gold Kist, Inc. v. Laurinburg Oil*, 756 F.2d 14, 19 (3d Cir. 1985) ...........................9

*Gross v. Stereo Component Systems, Inc.*, 700 F.2d 120, 122 (3d Cir. 1983) .....9, 13

*Hritz v. Worna Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984)..................................9, 11

*Midlantic Nat'l Bank v. Ridgedale Farms*, 1989 U.S. Dist. LEXIS 1325
(D.N.J. February 7, 1989) .................................................................................4, 6

*Mrs. Ressler's Food Prods. v. KZY Logistics LLC*, 675 Fed. Appx. 136
(3rd Cir. 2017)..................................................................................................11, 13

*Peoples Trust Co. v. Kozuck*, 98 N.J. Super. 235 (Sup. Ct., Hudson Co., 1967),
   affirmed by 103 N.J. Super. 151 (App. Div. 1968) .................................................3

*United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192 (3d Cir. 1984).... 13, 14

*World Entertainment Inc. v. Brown*, 487 Fed. Appx. 758 (3d Cir. 2012) ..................5

**Statutes and Rules**

Fed. R. Civ. Pro. 60(b) ......................................................................................14

Fed. R. Civ. Pro. 4(e) .........................................................................................5

NJ Rev Stat § 2A:18-54 ...................................................................................10

NJ. *R.R.* 4:4-4(a)**. ...................................................................................................8**

## Preliminary Statement

This is an action to domesticate in New Jersey a judgment that was entered against defendant Michael Fanelli in New York Supreme Court. The New York court found that defendant Fanelli defrauded the plaintiffs, and entered judgment against him on May 10, 2024 for $878,479.31, inclusive of interest and costs. A judgment was entered herein, on default, against Mr. Fanelli on December 20, 2024 (DE 12), and he now moves to vacate the judgment, which was entered due to his failure to timely answer or otherwise move against the complaint. Mr. Fanelli argues (a) that he was not properly served with the summons and complaint herein, and (b) that he has a meritorious defense to the action. Both arguments are baseless.

The facts relevant to this motion, which demonstrate that Mr. Fanelli's arguments are meritless, are set forth in the accompanying declaration of Shan Chen, and the exhibits thereto, and are incorporated by reference herein.

## Argument in Opposition

**Point I:   Defendant Fanelli was Properly Served with Process in This Case.**

Under Federal Rule of Civil Procedure 4(e), service of the summons and complaint upon Mr. Fanelli was proper if it was done in accordance with New Jersey rules for service of process, and was not otherwise lacking in due process.

1

Mr. Fanelli was duly served in accordance with New Jersey rules for service of process. According to the October 30, 2024 declaration of process server John McGuinness (DE 6), Mr. McGuinness made three attempts on different days in late October of 2024 to hand the summons and complaint to Mr. Fanelli in person. Mr. McGuinness affirmed that when he attempted service there was someone in the house who refused to answer the door, and that on the first attempt at service, the person on the other side of the video doorbell became irate when advised that Mr. McGuinness was there to serve papers in a lawsuit.

Ultimately, on the third attempt, in the early evening of October 29, 2024, Mr. McGuinness – after ringing the video doorbell in a further attempt to serve the papers in hand – affixed the papers to the front door with tape, and left the premises. As shown in his accompanying declaration of January 24, 2025 (Ex. A to Chen declaration, p.2), Mr. McGuinness photographed the papers affixed to the door in the entrance alcove. Mr. Fanelli, however, has sworn that his son, not Mr. Fanelli himself, found the suit papers at the end of the driveway on October 29th, the same day that they were affixed to the door.

Mr. McGuinness stated in his October 30, 2024 declaration of service (DE 6) that he completed service upon Mr. Fanelli in accordance with N.J. Ct. R. 4:4-4. His statements therein are unchallenged by anything but hearsay, because all that has been submitted to rebut Mr. McGuinness's declaration is Mr. Fanelli's

statement of what his son allegedly told him. After all, "service of process is not a game of hide and seek." *Electronics Boutique Holdings Corp. v. Zuccarini*, 2001 U.S. Dist. LEXIS 765, *29 (E.D. Pa. January 25, 2001) ("Where service is repeatedly effected in accordance with the applicable rules of civil procedure and in a manner reasonably calculated to notify the defendant of the institution of an action against him, the defendant cannot claim that the Court has no authority to act when he has willfully evaded the service of process.")

It is clear that service of process was proper under N.J. Ct. R. 4:4-4(a)(1), which provides that personal service is effective if made,

> upon a competent individual of the age of 14 or over, by delivering a copy of the summons and complaint to the individual personally, or by leaving a copy thereof at the individual's dwelling place or usual place of abode with a competent member of the household of the age of 14 or over then residing therein.

The law of New Jersey does not literally require that the suit papers be delivered into the hand of the recipient. It is sufficient that they be left in the vicinity of someone who knows, from the process server's communication or otherwise, that the process server is attempting to serve him. In *Peoples Trust Co. v. Kozuck*, 98 N.J. Super. 235 (Sup. Ct., Hudson Co., 1967), affirmed by 103 N.J. Super. 151 (App. Div. 1968), a process server tried to serve a summons and complaint at a residence, as in the case at bar. A woman identified herself from an upstairs window, but when told of the process server's intent, she refused to open

the door. The process server testified that he then left the papers in her mailbox; she testified that she had no mailbox, and that she found the papers on her stoop a half hour after he had left. Regardless of which version of the facts was right, the court posed the question, "whether leaving the summons and complaint outside the house was 'delivery' to Mrs. Kozuck 'personally or a 'leaving with' Mrs. Kozuck for her [co-defendant] husband within the meaning of *R.R.* 4:4-4(a)." *Id.* at 238. The court answered, *Yes*, because "when a summons is offered to someone, he cannot avoid service by refusing physically to accept the summons if he is informed that service of process is being attempted," *id.* at 238, or in other words, because "a person within the jurisdiction has an obligation to accept service of process when service is attempted reasonably." *Id.* at 239. As the substitute service upon Mrs. Kozuck – who refused to answer the door – was deemed valid service upon her husband, the substitute service upon defendant Fanelli likewise constitutes valid service, where the occupant of his house also refused to open the door for the process server.

 Likewise, in *Midlantic Nat'l Bank v. Ridgedale Farms*, 1989 U.S. Dist. LEXIS 1325, *7–8 (D.N.J. February 7, 1989), the defendants' housekeeper falsely told the process server that the defendants no longer lived at the premises. The court held that putting the papers in the mailbox was sufficient personal service because the defendants knew of the plaintiff's attempts to serve them and had a

4

duty to accept service at their home. Again, substitute service, by depositing the papers into the mailbox, was sufficient, where the housekeeper refused to open the door. Manifestly, where the occupant of defendant Fanelli's house refused to open the door for process server McGuinness, affixing the suit papers to the door also constituted valid service.

In *Kozuck*, the court cited with approval the New York case *Application of Barbara*, 14 Misc. 2d 223 (Sup. Ct., Tioga Co., 1958), noting the propriety of taping a summons to a door where the occupant refuses to open it for the process server. See *Kozuck* at 239. In the non-precedential Third Circuit case of *World Entertainment Inc. v. Brown*, 487 Fed. Appx. 758, 761 (3d Cir. 2012), the Court stated:

> … Brown argues that she was not properly served because the process server left the papers at her door and there was no proof she was aware of them, and therefore entry of default judgment was improper. Because a face-to-face encounter and in-hand delivery are not always necessary for proper service of process under Rule 4 of the Federal Rules of Civil Procedure, Brown's argument lacks merit. *See Gambone v. Lite-Rock Drywall Corp.,* 124 F. App'x 78, 79 (3d Cir. 2005) (holding that leaving papers on doorstep after slamming door and announcing service was sufficient); 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1095 (3d ed. 2002). Leaving papers in the defendant's physical proximity is usually sufficient if (1) defendant actively evades service, and (2) there is clear evidence that the defendant actually received the papers at issue when allegedly served. *See Gambone,* 124 F. App'x at 79, 80.
>
> … Shutting and locking the door after recognizing the process server, and then shutting the garage, and failing to answer the door after the

server knocked again amounts to active evasion of service. *See id.* at 80. …

Here, Mr. McGuinness made three attempts to serve Mr. Fanelli in person at his house, and spoke with an occupant during his first attempt, who refused to open the door. Mr. McGuinness's efforts at service are further detailed in his accompanying declaration (Ex. A to Chen declaration), and also demonstrate that the hearsay offered by Mr. Fanelli – that *his son* found the papers at the foot of the driveway – cannot possibly be true.

It was permissible, and reasonably calculated to effect actual notice, for Mr. McGuinness to affix the papers conspicuously to the front door of Mr. Fanelli's home, where the papers were likely to be seen by Mr. Fanelli or by someone of adequate age and discretion who resided in Mr. Fanelli's house. See NJ Rev Stat § 2A:18-54, which allows for service by conspicuous affixation to the front door of a residence. As noted in the non-landlord/tenant case of *Midlantic*, supra, such service is not offensive to due process, because it "was proper and reasonably calculated to provide notice of proceedings." *Id.* at *8.[1] This is "all that due process

---

[1] That is, affixing papers to the door clearly comports with due process under New Jersey law, as expressly provided by N.J. Rev. Stat. § 2A:18-54, which addresses service upon a tenant in a landlord/tenant action. Affixing papers to the door is otherwise – *i.e.*, outside of landlord/tenant actions – well recognized as being consistent with N.J. Ct. R. 4:4-4, as the *Midlantic* court observed.

6

requires," *id.*, especially when the defendant knows that service is being attempted upon him. *Id.*

Where service is made in accordance with the rules of civil procedure and in a manner reasonably calculated to notify the defendant of the commencement of a lawsuit against him, the defendant cannot claim ignorance when he has willfully evaded service of process. While it is unknown whether it was Mr. Fanelli himself who had become irate when told that the process server was there to serve papers, what is clear – since Mr. Fanelli did in fact get virtually immediate notice of the lawsuit, having been told of it by his son – is that service was made in a manner that was calculated to in fact give him notice of this action.

Mr. Fanelli has sworn (DE 14-2, ¶2) that not he, but his son, found the papers a few hours after Mr. McGuinness left them (at some point on October 29th, after 6:19 pm of the same date, when Mr. McGuinness completed service by affixing the papers to the door (DE 6)). The photograph taken by Mr. McGuinness at the time of service, and reproduced in his declaration (Ex. A to Chen declaration, p.2) proves that the papers were affixed to the door.

Online research into publicly available information about the occupants at 1 Denise Court in Manalapan show that Mr. Fanelli had two sons, both of whom were well above fourteen years of age at time of service. (See Ex. B to Chen declaration, PDF pp. 8, 12). Thus, even if the facts attested to by Mr. Fanelli are

7

correct, service was reasonably calculated to provide actual notice to him, did provide actual notice to him, and actually constituted "leaving a copy thereof at the individual's dwelling place or usual place of abode with a competent member of the household of the age of 14 or over then residing therein" (N.J. Ct. R. 4:4-4(a)(1)).

In the memorandum of law in support of the motion to vacate, Mr. Fanelli's counsel states, without personal knowledge of any facts, that the summons and complaint herein were left in Mr. Fanelli's driveway and that there was no attempt to personally serve him. (DE 14-1, p. 2). He rather boldly states that the process server's (sworn) "claims of attempts of service are categorically untrue. Neither Defendant Fanelli, nor any other members of his household, ever spoke with a process server. Fanelli was only placed on notice of this lawsuit when he found the papers laying [sic] on his driveway." (DE 14-1, p. 6). Counsel's statements are hearsay, and should be disregarded, as there is no declaration from the person who allegedly "found" the complaint at the end of Mr. Fanelli's driveway – *viz.*, Mr. Fanelli's son – that the suit papers were just left there. Accordingly, there is nothing in counsel's argument to rebut the process server's statement that he had made three attempts to personally serve Mr. Fanelli, and that on the third attempt he had posted the papers in a conspicuous place on the front door of Fanelli's house.

**Point II:** **Defendant Fanelli has Failed to Act in Good Faith, as Required by FRCP 60(b), in Order for the Default to be Vacated.**

It is well established that the decision to vacate an entry of a default judgment is left primarily to the discretion of the district court. See *Hritz v. Worna Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984). In exercising its discretion, however, the district court must consider whether the defendant has a meritorious defense and whether the default was a result of the defendant's culpable or inexcusable conduct. *Id.*; *Erncasco Ins. v. Sarnbrick*, 834 F.2d 71, 73 (3d Cir. 1987); *Gold Kist, Inc. v. Laurinburg Oil*, 756 F.2d 14, 19 (3d Cir. 1985).

Conduct is considered to be culpable in this context if it is "willful" or taken "in bad faith." *Gross v. Stereo Component Systems, Inc.*, 700 F.2d 120, 122 (3d Cir. 1983). Here, the bad faith is the attempt to evade service and the misrepresentations made by Mr. Fanelli in support of his motion to vacate, which are clearly demonstrated by the accompanying McGuinness declaration (Ex. A to Chen declaration), as well as the declaration of plaintiff Kevin Beasley (Ex. G to Chen declaration).

When a defaulting party offers no reasonable explanation for his failure to respond to the summons and complaint, no relief will be granted. *Bricks. Inc. v. CME Housing Group*, 209 F.R.D. 416 (W.D. Tenn. 2002); *Admiral Horne Appliances v. Tenavision. Inc.*, 585 F.Supp. 14 (D.N.J. 1982), aff'd without op 735

9

F.2d 1347, 1984 U.S. App. LEXIS 22212 (3d Cir. 1984) (failure to satisfy burden under Fed. R. Civ. Pro. 60(b) when no facts were presented to explain the inactivity between the date of service, and the date the papers were sent to the lawyer). In affirming the district court in *Admiral Horne Appliances*, the Third Circuit stated:

> Our prior cases make it clear that the party in default must show that the default was not caused by his own culpable conduct in order to have it set aside. Defendant has not made such a showing.

735 F.2d, 1984 U.S. App. LEXIS 22212 at *4.

As in *Admiral Horne Appliances*, Mr. Fanelli had direct knowledge of the lawsuit, contacted the undersigned before the deadline for his answer, and then failed to be diligent in his own defense, but instead did nothing of legal import until the domestication judgment was entered against him, after he had already defaulted in the original New York Supreme Court case in which he had been properly served. He could have filed an answer with this court, but instead sent an unsworn letter to the court (DE 7) which was filed on November 8, 2024, a mere ten days after Mr. McGuinness had served him, and well within the November 19th deadline for filing an answer with the court. Contrary to Mr. Fanelli's counsel's memorandum (DE 14-1, p. 2), the undersigned certainly did not tell Mr. Fanelli that he could simply file something with the court to protect his rights. Rather, he was told that he should seek counsel and file an answer with the court. (See Chen declaration, ¶12).

**Point III:   Defendant Fanelli Has Failed to Demonstrate a Meritorious Defense.**

In the Third Circuit, "a defendant has established a meritorious defense when its 'allegations, if established at trial, would constitute a complete defense.' . . . ; *see Hritz*, 732 F.2d at 1181. But we have indicated that defendants seeking to vacate a default judgment must 'allege[] specific facts beyond simple denials or conclusionary statements.' Our standard is 'more stringent' than that normally required for an answer to a complaint for it 'requires that a defendant . . . set forth with some specificity the grounds for his defense.' But we do not require that a defendant's answer be in such detail that it meets 'summary judgment standards.'" *Mrs. Ressler's Food Prods. v. KZY Logistics LLC*, 675 Fed. Appx. 136, 140–141 (3rd Cir. 2017) (citations omitted).

In an improper collateral attack on the New York state court judgment, Mr. Fanelli states in his affidavit of merit as follows: (DE 14-2, ¶¶10-13):

> 10. By way of brief background, I believe that this action is related to a lawsuit originally brought in New York against myself and Bayview Auto Wreckers (hereinafter "Bayview"). In that matter, neither myself nor Bayview was properly served and as a result a default judgment was entered in that action as well. See Exhibit "3." I am in the process of addressing that default judgment as well.
>
> 11. In that New York action, Plaintiffs claimed that they had a contract with Bayview to partially wreck a Cadillac Escalade for use in an art installation in Manhattan. Very specifically, Plaintiffs refer to the agreement with Bayview and make no mention of me personally. See Exhibit "4," specifically paragraph 25.

> 12. In fact, while I recall someone bringing an intact vehicle for wrecking, I have no direct recollection of any involvement in the process, or any direct dealings with Plaintiffs.
>
> 13. Inasmuch as any agreement and any activity undertaken in connection with that agreement was allegedly performed by Bayview or one of its employees, Plaintiffs have no claim against me personally, as I was not a party to the alleged agreement.

Mr. Fanelli fails to demonstrate that this court even has the jurisdiction to consider this collateral attack. Mr. Fanelli's legal memorandum is no better. In support of vacating this court's default judgment, counsel recites the elements that would "establish a prima facie case of breach of contract," and then states that "Fanelli has no liability in regard to the judgment, because no contract existed between the parties." (DE 14-1, p. 5).

In other words, Mr. Fanelli argues that he cannot have been liable on Mr. Beasley's New York claims, because he never had privity of contract with Mr. Beasley. But unfortunately for Mr. Fanelli and his counsel, Mr. Beasley did not sue Mr. Fanelli in New York for breach of contract. Mr. Beasley sued Mr. Fanelli for – and Mr. Fanelli was found liable to Mr. Beasley for – **FRAUD.** (See DE 14-5, pp. 2-3), showing the New York court's order that the plaintiffs recover compensatory and exemplary damages from Mr. Fanelli upon Mr. Fanelli's liability for fraud). Lack of privity of contract is not a meritorious defense against claims of fraud, because those claims generally, and in Mr. Beasley's lawsuit in particular, are not

12

based on contractual privity, and so mere lack of privity of contract cannot be a "complete defense" at trial (*Mrs. Ressler's Food Products* at 140).

Given this, and given that Mr. Fanelli was properly served herein (as documented by Mr. McGuinness), and in the New York action, and given that Mr. Fanelli presents no other defense, it follows that Mr. Fanelli does not present a meritorious defense sufficient to vacate this court's judgment.

Mr. Fanelli, in his memorandum in favor of vacating this court's default judgment, cites to cases in the Third Circuit that demonstrate this circuit's reluctance to enter a default judgment (DE 14-1, p. 3): "Where there is any doubt about whether to vacate a default judgment, the Third Circuit holds that such doubt should be resolved in favor of the petitioner to set aside the judgment so that cases can be decided on their merits. *U.S. v. $55,518.05* at 195; *Gross v. Stereo Component Systems, Inc.*, 700 F.2d 120, 122 (3d Cir. 1983)." But in *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984), the court stated that "there would be no point in setting aside the default judgment" if the defendant "could not demonstrate the possibility of his winning." And in *Gross v. Stereo Component Systems, Inc.*, 700 F.2d 120, 122 (3d Cir. 1983), what the court actually stated was that "this court does not favor defaults and that in a **close** case doubts should be resolved in favor of setting aside the default and reaching a decision on the merits." (Emphasis added).

13

Mr. Fanelli has not presented a close case to this court: he has no meritorious defense. When a defendant lacks a meritorious defense, the court lacks discretion to vacate his default judgment. *U.S. v. $55,518.05* at 195. This case has already been decided upon the merits – by default.

Finally, service of process in the New York case was clearly proper, as Mr. Fanelli was served with the New York summons and complaint at the address listed as being his current address on his DMV records, 562 Hasbrouck Road in Woodbourne, New York. The New York State DMV search performed on March 17, 2021 showed that as his current address (see Ex. E to Chen declaration), and the New York process server's affidavit showed that he was served at that address two days after the DMV search was done. (See the New York process server's affidavit of service, Ex. F to Chen declaration).

***

## Conclusion

For the foregoing reasons, defendant Michael Fanelli's motion to vacate this court's judgment must be denied.

Dated:     New York, New York
           January 30, 2025                    Respectfully submitted,

                                               MAZZOLA LINDSTROM, LLP

                                               _____
                                               Shan (Jessica) Chen
                                               *Counsel for plaintiffs*
                                               1350 Avenue of the Americas, 2nd Floor
                                               New York, New York 10019
                                               (d) 646-416-6280 (m) 347-652-9046
                                               jessica@mazzolalindstrom.com

**Service via ECF**

15